IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| STANLEY L. CANOSA, | ) | CIVIL NO. 05-00791 HG-LEK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY DEFENDANTS' MOTION TO |
| vs. | ) | DISMISS AND DISMISS |
| | ) | PLAINTIFF'S COMPLAINT PURSUANT |
| STATE OF HAWAI`I, et al. | ) | TO 28 U.S.C. § 1915A(b)(1) |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS
AND DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO
28 U.S.C. § 1915A(b)(1)

Before the court is Defendants' Motion to Dismiss
Canosa's First Amended Complaint.  For the following reasons,
this court FINDS and RECOMMENDS that Defendants' Motion to
Dismiss be DENIED and that Canosa's Amended Complaint be
DISMISSED with respect to all claims against Defendants Andrade,
Condon, Kimoto, Lombard, Kiaaina, and Kanoa pursuant to 28 U.S.C.
§ 1915A(b)(1).

**PROCEDURAL HISTORY**

On December 20, 2005, pro se Plaintiff Stanley L.
Canosa, a Hawai`i prisoner, filed a civil rights complaint
pursuant to 42 U.S.C. § 1983.[1]  Canosa is incarcerated at Halawa

---

[1] On July 25, 2006, the court granted Canosa leave to amend
his complaint.  Canosa sought to name two defendants he had
earlier designated as John Doe. That same day, Canosa filed an
Amended Complaint.

Correctional Facility ("HCF") in Aiea, Hawai`i.  The Complaint names the State of Hawai`i, Richard Bissen, Jr., Edwin Shimoda, Clayton Frank, Randy Asher, May Andrade, Richard Condon, Shari Kimoto, Steve Lombard, Melvin Kiaaina, and Lyle Kanoa, in their individual and official capacities, as Defendants to this action (collectively "Defendants").[2]

On September 26, 2006, Defendants' filed a Motion to Dismiss Canosa's First Amended Complaint ("Motion") as barred by the expiration of the statute of limitations.  (Docket No. 44.) Canosa opposed the Motion.  (Docket No. 47.)  On September 29, 2006, the Honorable Judge Helen Gillmor designated the proceeding to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  (Docket No. 45.)

On November 15, 2006, pursuant to 28 U.S.C. § 1915A(a), which states that a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Magistrate Judge Leslie E. Kobayashi issued a Findings and Recommendation to deny Defendants' Motion to Dismiss and to

---

[2] On October 3, 2006, Canosa voluntarily dismissed Defendants Asher, Frank, Shimoda, Bissen and the State of Hawaii. (*See* Def. Opp. at 5-6.)  Defendants Asher, Frank, Shimoda, Bissen and the State of Hawaii are no longer parties to this action.

dismiss Canosa's First Amended Complaint for failure to state a claim with leave granted to amend.  (Docket No. 49.)

On November 24, 2006, Defendants filed Objections to the court's November 15 Findings and Recommendation.  (Docket No. 50.)  Defendants again argued that Canosa's claims are barred by the expiration of the two-year statute of limitations, and as such Defendants' Motion should not have been denied and Canosa should not have been granted leave to amend.  Defendants seek modification of the November 15 Order.  Specifically, Defendants set forth that Canosa's claims are barred by the expiration of the statute of limitations and should be dismissed on that basis. Defendants also request, however, that the court adopt the November 14 Findings and Recommendation to the extent Defendants Asher, Frank, Shimoda, Bissen, and the State of Hawai`i are dismissed from the action.

On November 28, 2006, Canosa filed a Motion for Voluntary Dismissal.  (Docket No. 52.)  Canosa requested that the court dismiss the remaining Defendants and his action without prejudice.  On December 12, 2006, Judge Gillmor denied Canosa's Motion for Voluntary Dismissal because after an answer is filed voluntary dismissal is only appropriate when a stipulation of dismissal is filed by all parties.  Fed. R. Civ. P. 41(a)(1)(ii).

On December 13, 2006, Judge Gillmor declined to adopt the November 15 Findings and Recommendation and referred the matter back to Magistrate Judge Kobayashi for consideration of Defendants' objections, with particular attention to the applicability of the statute of limitations.

## BACKGROUND

The Amended Complaint states that on October 3, 2003, Halawa inmate William Aholelei was assaulted by several other inmates within HCF. After the assault, Aholelei identified those inmates who assaulted him. (Compl. at 5.) Canosa sets forth that on October 8, 2003, Defendant Kanoa "manipulated and coerced" Aholelei to name Canosa as one of the October 3 assailants. (Compl. at 5.) Defendant Kanoa then allegedly conspired with Defendant Andrade to have Canosa transferred from his cell in the HCF medium security general population to the medium security special holding unit. (Compl. at 5.)

On October 10, 2003, Canosa received a Pre-hearing Detention Notice informing him that he was being held in the special holding unit on allegations of assault per the instruction of Defendant Andrade. (Compl. at 5-6.) Canosa states that on October 14, 2003, Defendant Kanoa interviewed him in the special holding unit. Canosa argues that Defendant Kanoa pressed Canosa to disclose information about the inmates who Aholelei originally identified as having assaulted him. Canosa

4

informed Defendant Kanoa that he would not provide information about the inmates because he feared retaliation.  (Compl. at 6.)  On October 21 and 27, 2003, Defendant Kiaaina interviewed Canosa in the special holding unit.  Canosa states that Defendant Kiaaina, like Defendant Kanoa, did not seek information regarding the allegations against Canosa, but rather sought to compel Canosa to disclose information about his fellow inmates accused of assaulting Aholelei.  Canosa reiterated that he would not provide information because he feared retaliation.  (Compl. at 6.)

After Canosa refused to disclose information about fellow inmates, Defendant Kanoa "created a phantom 'written report of misconduct' alleging attempted killing and/or assault, in an illegal scheme to initiate and justify processing Plaintiff through the HCF adjustment disciplinary hearing . . . ."  (Compl. at 6.)  Defendant Kanoa then conspired with Defendant Kiaaina to use the fictitious report to process Canosa through the adjustment disciplinary hearing process.

On October 30, 2003, Canosa was transferred from the medium security special holding unit to the HCF high security unit.  Canosa alleges that the transfer was retaliation for not cooperating with Defendants.  (Compl. at 7.)  Canosa is presently housed in the medium security special holding unit.

On November 25, 2003, the adjustment disciplinary hearing took place.  The committee included Defendants Condon, Kimoto and Lombard.  (Compl. at 7.)  At the start of the hearing, Canosa requested a copy of the written report of misconduct, but the committee members could not produce any reports.  Although the committee could not produce any reports, the hearing proceeded as scheduled.  (Compl. at 7.)  Canosa sets forth during the course of the hearing he was refused any opportunity to respond to or rebut facts and evidence against him.  (Compl. at 7.)  In addition, Canosa alleges that he was not allowed to call witnesses to testify on his behalf.  (Compl. at 8.)  On December 4, 2003, the committee notified Canosa that he had been found guilty of assault.

## STANDARD OF REVIEW

I.   <u>28 U.S.C. § 1915A(a)</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

6

The court must construe <u>pro se</u> pleadings liberally and afford the <u>pro se</u> litigant the benefit of any doubt.  <u>Morrison v. Hall</u>, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

II.  <u>Rule 12(b)(1)</u>

A plaintiff has the burden of proving that jurisdiction does in fact exist.  <u>Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).  Standing pertains to this court's subject matter jurisdiction.  This court therefore analyzes a plaintiff's standing to assert his or her claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  <u>See</u> <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).

Under Rule 12(b)(1), the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  Alternatively, the court may dismiss a complaint under Rule 12(b)(1) when the facts that would give rise to its subject matter jurisdiction are disputed.  See Thornhill Publ'g Co., 594 F.2d at 733.

When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  See Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto."); Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.").

8

In a factual attack on the court's subject matter jurisdiction, the court examines the truth of the allegations invoking the court's jurisdiction.  <u>See</u> <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004), <u>cert. denied</u>, 2005 WL 282138 (May 2, 2005).  In such a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the existence of subject matter jurisdiction.  In a factual attack on this court's jurisdiction, this court may accept and evaluate evidence to determine whether jurisdiction exists.  <u>See</u> <u>id.</u>; <u>Thornhill</u>, 594 F.2d at 733.

III.  <u>Rule 12(b)(6)</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  <u>See</u> <u>Keams v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint,

9

or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  <u>Fed'n of African Amer. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d at 988; <u>Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell</u>, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir.

1984)).  A motion to dismiss may also be granted if an

affirmative defense or other bar to relief is apparent from the

face of the complaint, such as a statute of limitation.  Imbler

v. Pachtman, 424 U.S. 409 (1976).

**DISCUSSION**

A.   <u>The Court Finds and Recommends that Defendants' Motion</u>
<u>should be Denied.</u>

Defendants bring their Motion pursuant to Rules 7 and

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure

("Fed. R. Civ. P.").  Defendants argue that Canosa's claims are

barred by the prescribed two-year statute of limitations.

Defendants also argue that Canosa has no Constitutional Right to

any particular custody level or housing assignment thereby

negating any claims for injunctive relief.

Canosa counters that his claims are not governed by the

two-year statute of limitations set forth in Hawai`i Revised

Statute ("H.R.S.") § 657-7.  Rather, Canosa argues that because

he was imprisoned at the time his cause of action accrued his

claims are governed by H.R.S. § 657-13. [3]

---

[3] H.R.S. § 657-7 states that "[a]ctions for the recovery of
compensation for damage or injury to persons or property shall be
instituted within two years after the cause of action accrued,
and not after, except as provided in section 657-13."

H.R.S. § 657-13 states in part that "[i]f any person
entitled to bring any action specified in this part . . . is, at
the time the cause of action accrued . . . [i]mprisoned on a
criminal charge, or in execution under the sentence of a criminal
court for a term less than the person's natural life; such person
shall be at liberty to bring such actions within the respective

Canosa's argument is misplaced.  While Haw. Rev. Stat. § 657-13 tolls the statute of limitation for those who are incarcerated, it does not toll suits against the sheriff or police.  See Haw. Rev. Stat. § 657-13.  Canosa's suit is against the Department of Public Safety and its officials.  The statute creating the Department of Public Safety specifically states that the "functions, authority, and obligations, . . . and the privileges and immunities conferred thereby, exercised by a 'sheriff' . . . shall be exercised to the same extent by the department of public safety."  Haw. Rev. Stat. § 26-14.6(f).  Therefore, § 1983 claims against the Department of Public Safety and/or its officials are not tolled for inmates by Haw. Rev. Stat. § 657-13.

Canosa's claims are not governed by H.R.S. § 657-13, however, the limitations period for his claims may have been equitably tolled if he timely filed the claims through the prison's administrative grievance process.  Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

---

times limited in this part, after the disability is removed or at any time while the disability exists."

The Ninth Circuit Court of Appeals has not yet determined whether the statute of limitations for a civil rights claim by an incarcerated inmate should be tolled while the inmate exhausts administrative grievance procedures pursuant to the PLRA. While the Ninth Circuit Court of Appeals has yet to rule on the precise relationship between § 1997e and any tolling statute, other circuits have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e. See Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Harris v. Hegmann, 198 F.3d 153, 157–59 (5th Cir.1999); Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001)(providing that the statute of limitations which applied to plaintiff's civil rights action was tolled for the period during which his available administrative remedies were being exhausted).

The language of the PLRA unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. For this reason, this Court finds it reasonable to presume that the statute of limitations which applied to Canosa's civil rights action was tolled for any period during which he exhausted available prison administrative remedies. As it is unclear if, or when, Canosa filed administrative grievances, this Court declines to reach the issue of whether his claims are

13

barred by the statute of limitations.[4]  The court finds and
recommends that Defendants' Motion to Dismiss should be DENIED.

    B.   <u>The court Finds and Recommends that Canosa's First</u>
          <u>Amended Complaint should be dismissed.</u>

        Canosa claims that Defendants violated his rights of
due process, freedom from cruel and unusual punishment, and to be
free from retaliation.  Specifically, he claims that Defendants
manipulated and coerced inmate Aholelei to falsely accuse Canosa
of assault in an illegal scheme to compel Canosa to provide
Defendants with information about other inmates accused of
assaulting inmate Aholelei.  Canosa further alleges that
Defendants conspired to retaliate and punish him for not
cooperating with the assault investigation.  Canosa sets forth
that Defendants filed a false "report of misconduct" against him,
which alleged his involvement with inmate Aholelei's assault,
transferred him to the high security facility, and recommended
that he appear before the disciplinary committee for a hearing.
Canosa believes that Defendants Condon, Kimoto, and Lombard
violated his procedural due process rights when, at the
disciplinary hearing, they refused to allow him to respond to the

---

    [4] Even if the court knew the dates on which Canosa filed his
claims through the prison's administrative grievance process, the
court has discretion to deny Defendants' Motion to Dismiss and
screen Canosa's Complaint pursuant to the PLRA.  Under <u>Lopez</u>,
even if a motion to dismiss is filed, the court is not relieved
of its duty to follow PLRA dismissal requirements in *in forma
pauperis* cases to which the PLRA applies.  <u>Lopez</u>, 203 F.3d at
1126.

allegations against him and denied his request to call witnesses. Finally, Canosa sets forth that Defendants' violated his right of freedom from cruel and unusual punishment because they abused their authority to carry out an illegal scheme to punish Canosa for an improper and illegal purpose.

Canosa states that Defendants' constitutional violations caused "atypical and significant" hardships including a change in his inmate classification level from medium custody to closed custody. Canosa sets forth that the change in his classification level caused his transfer to the HCF high security facility and a reduction in his visitation privileges. In addition, Canosa states that he was prevented from enrolling in a "clean and sober" program and denied parole. (Compl. at 9.)

I.   Defendants' Eleventh Amendment Immunity

The Eleventh Amendment bars damage actions against state officials in their official capacites. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). In addition, "neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989); Lawrence Livermore Nat'l Lab., 131 F.3d at 839. Canosa names all Defendants in both their individual and official capacities. As Defendants are immune from suit for damages in their official capacities, the court is without jurisdiction over these claims.

15

This Court FINDS and RECOMMENDS that damage claims against all Defendants in their official capacities be DISMISSED.  See 28 U.S.C. § 1915(e)(2)(iii).  This holding does not bar Canosa's claims for prospective declaratory or injunctive relief against any Defendant acting in an official capacity.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-06 (1997); Lawrence Livermore Nat'l Lab., 131 F.3d at 839.

II.   Due Process Claims; Community Custody Classification;
      Custody Level; Visitation; Rehabilitative Programs; and
      Parole

      Canosa claims that he was denied the opportunity for reclassification to medium custody status, rehabilitative programs, visitation rights, and parole because he was transferred from HCF's medium security general population unit to the medium security special holding unit and ultimately to the HCF high security unit in violation of the Due Process Clause. (See Compl. at 10-12.)

      "Prisoners do retain the procedural due process right not to be deprived of a liberty interest without reasonable notice and a meaningful opportunity to be heard."  Wilder v. Tanouye, 753 P.2d 816, 822 (Haw. App. 1988)  Nonetheless, it appears that Canosa was, in fact, given notice and an opportunity to be heard.  The fundamental requirement of due process is the opportunity to be heard and "[i]t is an opportunity which must be

16

granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965). From Canosa's own submissions, it is clear that he had notice and a hearing. In his Amended Complaint, Canosa sets forth that on October 10, 2003, Canosa received a Pre-hearing Detention Notice informing him that he was being held in the special holding unit on allegations of assault. Moreover, Canosa states that on November 25, 2003, the adjustment disciplinary hearing took place. This belies Canosa's allegations that he was not given due process protections.

Even if Canosa had not received notice and a hearing, the procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997).

Prisoners possess no protected liberty interest in being transferred to a less restrictive section of a facility. Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991). Prisoners have no constitutionally protected liberty interest in their classification status or in their eligibility for rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). Prisoners also have no liberty or property interest in work or vocational

17

programs.  Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.
1980)(stating "[a]n inmate's expectation of keeping a certain
prison job does not amount to a property or liberty interest
entitled to protection under the due process clause"); see also
Baumann v. Arizona Dep't of Corr., 754 F.2d 841, 844 (9th Cir.
1985).  Moreover, the Due Process Clause does not guarantee
prisoners a right to unfettered visitation.  See Kentucky Dep't
of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Keenan v.
Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d
1318 (9th Cir. 1998); cf. Toussaint v. McCarthy, 801 F.2d 1080,
1114 (9th Cir. 1986) (rejecting constitutional right to contact
visitation but noting that not all visitation had been denied).
A prisoner has no federal constitutional right to parole.
Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442
U.S. 1, 7-11 (1979).

        Therefore, Canosa holds no constitutionally protected
liberty interests entitling him to reclassification to a lower
security level, in being transferred to a less restrictive
section of HCF, in rehabilitative programs, in unfettered
visitation, or in parole.  The court now examines whether Canosa
has a protected, state-created liberty interest in any of these
claims.

        State law creates liberty interests deserving due
process protection only when the deprivation in question (1)

18

restrains the inmate's freedom in a manner not expected from their sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 474, 484 (1995); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003); Neal v. Shimoda, 905 F. Supp. 813, 817-818 (D. Haw. 1995), rev'd on other grounds, 131 F.3d 818 (9th Cir. 1997) (holding state prison regulations may give rise to liberty interests protected by the Fourteenth Amendment).

The Ninth Circuit Court of Appeals has held that Hawaii's prison regulations and policies do not create a protected liberty interest in parole, reclassification, or custody level. Neal, 131 F.3d 828; see also Olim v. Wakinekona, 461 U.S. 238, 249-51 (1983). Moreover, the Supreme Court has held that there is no evidence that suspending an inmate's visitation rights imposes atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 483-84.

Canosa has no protected, state-created liberty interest in any of his claims. The court FINDS AND RECOMMENDS that Canosa's claims under the Due Process Clause be DISMISSED, with leave granted to amend.

III.    Cruel and Unusual Punishment

Canosa states that

> Defendants' actions as a whole do constitute
> cruel and unusual punishment in violation of
> the Eighth Amendment to the United States
> Constitution as all defendants [sic] abused
> their authority and position in DPS and the
> functions thereof to channel ad [sic] carry
> out an illegal scheme to retaliate and punish
> Plaintiff for an improper and illegal purpose.

(Compl. at 12.)

"[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations and quotation marks omitted).  To prevail upon an Eighth Amendment claim against a prison official an inmate must meet two requirements, "one objective and one subjective." Lopez, 203 F.3d at 1132.  "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. at 1133 (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)). Furthermore, a prisoner's § 1983 claim for mental or emotional injury on an alleged Eighth Amendment violation requires an "actual injury." Lewis v. Casey, 518 U.S. 343, 351-52 (1996); see also 42 U.S.C. § 1997e(e).

First, nothing within the Amended Complaint supports a finding that any of the Defendants acted with deliberate indifference by denying Canosa the minimal necessities of life.

20

Nor is there anything to show the wanton and unnecessary infliction of pain upon Canosa.  In fact, Canosa does not even claim that any of the Defendants placed him in danger.  Canosa claims that Defendants conspired an illegal scheme to compel Canosa to cooperate with the investigation of the assault of a fellow inmate.  Canosa further states that during the course of Defendants alleged scheme, Canosa was transferred from HCF's medium security facility to the special holding unit and later to the high security facility.  Canosa now requests that the court order Defendants to transfer him back to the medium security facility general population, where he was housed in October 2003. Canosa admits, however, that the reason he is still housed in the special holding unit is for protection.  Specifically, the inmates who assaulted Aholelei, along with their gang members, believe that Canosa made statements against them. (Compl. Ex. G, ¶ 16.)  Canosa's own pleading negates a finding that Defendants acted with deliberate indifference to his special safety needs.

        Second, in order to state a claim for mental or emotional distress, Canosa must allege that he has been subjected to some sort of physical injury.  Nowhere in the Amended Complaint does Canosa claim any physical injury as is required by § 1997e(c).  As set forth above, Canosa claims that Defendants conspired an illegal scheme to compel Canosa to cooperate with

the investigation of the assault of a fellow inmate.  During the course of Defendants' alleged scheme, Canosa was transferred from HCF's medium security facility to the special holding unit and later to the high security facility.  Canosa does not allege that any actual harm has befallen him.  Canosa has failed to state a claim under the Eighth Amendment.  As such, the court FINDS AND RECOMMENDS that Canosa's claims based upon the Eighth Amendment be DISMISSED, with leave granted to amend.

IV.    <u>Retaliation</u>

This Court is recommending dismissal of Canosa's claims against state employees in their official capacities, due process claims, and Eighth Amendment claims, and now turns to Canosa's remaining claim for retaliation.  Canosa alleges that Defendants Andrade, Kanoa, and Kiaaina retaliated against him for not cooperating with the investigation of Aholelei's assault. (Compl. at 11.)  This retaliation took the form of transferring Canosa from Halawa's medium security facility to the high security facility, drafting a false "report of misconduct", and recommending that Canosa appear before the disciplinary committee.

To state a First Amendment claim for retaliation a prisoner must allege:  "(1) . . . that a state actor took some adverse action against [him] (2) because of (3) that prisoner's protected conduct, and that such action (4) harmed the prisoner

22

and (5) was not narrowly tailored to advance a legitimate correctional goal." Rhodes v. Robinson, 380 F.3d 1123, 1130 (9th Cir. 2004)(citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)); Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994)).

As set forth above, Canosa alleges that prison officials retaliated against him when he refused to provide information about fellow inmates who were accused of assaulting Aholelei. The act of refusing to provide information about fellow inmates is not "protected conduct" under the First Amendment. Defendants did not, therefore, chill, or attempt to chill, Canosa's First Amendment rights. See Thomas v. Carpenter, 881 F.2d 828, 829-30 (9th Cir. 1989). As Canosa's allegations do not support a finding that Defendants' conduct chilled or attempted to chill his First Amendment rights, the court FINDS and RECOMMENDS that Canosa's retaliation claim be DISMISSED, with leave granted to amend.

V.      Leave to Amend

As Canosa is proceeding pro se, he is entitled to notice and an opportunity to amend his complaint, if possible, prior to dismissal of his action. See Lopez, 203 F.3d. at 1126. The Court cannot be certain that Canosa cannot amend his Complaint to cure the defects discussed above. Accordingly, the Court FINDS AND RECOMMENDS that Canosa be granted thirty (30)days

leave to amend the Complaint, if possible, to attempt to state a cognizable claim.

## CONCLUSION

The court FINDS and RECOMMENDS that:

1.   Defendants' Motion to Dismiss should be DENIED.

2.   Canosa's claims for damages against Defendants Andrade, Condon, Kimoto, Lombard, Kiaaina, and Kanoa, in their official capacities, be DISMISSED.

3.   Canosa's claims including violation of his right to due process, to be free from cruel and unusual punishment and to be free from retaliation against all Defendants, be DISMISSED, with leave granted to amend.

4.   Canosa's Amended Complaint be DISMISSED for FAILURE TO STATE A CLAIM, pursuant to 28 U.S.C. § 1915A(b)(1) & § 1915(e)(2)(B).

5.   Canosa be granted **thirty [30] days from the date of the District Court's adoption of this order** to file an amended complaint in accordance with the directions of this findings and recommendation.  Failure to adequately amend the Complaint within the thirty days allowed will result in AUTOMATIC DISMISSAL of this action with prejudice for failure to state a claim.  **This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).**

24

6. The Clerk is DIRECTED to send Canosa a prisoner civil rights complaint form so that he may amend his Amended Complaint.  If Canosa decides to amend the Complaint in accordance with this order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference."  Local Rule LR10.3.  The document must bear the docket number assigned this case and must be clearly labeled "Second Amended Complaint."

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, January 11, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

<u>Canosa v. Andrade</u>, Civ. No. 05-791 HG-LEK; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT; heather\All 2006 Orders\F&R 06\Canosa 05-791 (2nd dis C FTSC)