IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STANLEY L. CANOSA, | ) | CIVIL NO.   05-00791 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, RICHARD BISSEN, JR., EDWIN SHIMODA, CLAYTON FRANK, Warden, RANDY ASHER, MAY ANDRADE, RICHARD CONDON, SHARI KIMOTO, STEVE LOMBARD, MELVIN KIAAINA, LYLE KANOA, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER ADOPTING JANUARY 11, 2007 "FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS AND DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1)" AND DISMISSING ACTION WITH LEAVE TO AMEND**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amendment Complaint.

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is currently, and was at the time of events alleged in the complaint, an inmate at the Halawa Correctional Facility.  He alleges that an inmate at Halawa was assaulted in 2003.  Plaintiff claims that Defendants coerced this inmate to falsely accuse Plaintiff of being a participant in the assault.  Plaintiff claims this coercion was part of a scheme to compel him to cooperate with Defendants and identify other inmates involved in the assault.  He alleges that he was transferred from a medium to a high security unit at Halawa in

retaliation for not cooperating with the assault investigation.

The Court referred Defendants' motion to dismiss to a United States Magistrate Judge pursuant to Local Rule 72.4 and 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3).

For the reasons that follow, the Court ADOPTS the Magistrate Judge's Findings and Recommendation.

## **PROCEDURAL HISTORY**

On December 20, 2005, pro se Plaintiff filed a complaint (Doc. 1).

On July 25, 2006, Plaintiff was granted leave to file an amended complaint (Doc. 29). On the same day, Plaintiff filed a First Amended Complaint against Defendants the State of Hawaii, Richard Bissen, Jr., Edwin Shimoda, Clayton Frank, Randy Asher, May Andrade, Richard Condon, Shari Kimoto, Steve Lombard, Melvin Kiaaina, and Lyle Kanoa ("Defendants") (Doc. 30).

On September 26, 2006 Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 44).

On September 29, 2006, the Court designated the motion to a United States Magistrate Judge (Doc. 45).

On October 3, 2006, Plaintiff filed an Opposition to the motion (Doc. 47).

On November 15, 2006, the Magistrate Judge issued a "Findings and Recommendation to Dismiss Complaint" (Doc. 49)

On November 24, 2006, Defendants filed Objections to the

Magistrate Judge's November 15, 2006 Findings and Recommendation (Doc. 50).

On December 13, 2006, the Court declined to adopt the Magistrate Judge's November 15, 2006 Findings and Recommendation (Doc. 56).  On the same date, the Court recommitted the matter to the Magistrate Judge to address the Defendants' Objections with instructions to pay particular attention to objections regarding the statute of limitations.

On January 11, 2007, the Magistrate Judge issued a new "Findings and Recommendation to Deny Defendants' Motion to Dismiss and Dismiss Plaintiff's Complaint Pursuant to 28 U.S.C. § 1915A(b)(1)" (Doc. 58).

On January 24, 2007, Plaintiff filed an Objection to the F&R.

Defendants have not responded to Plaintiff's Objection.

## **BACKGROUND**

The Court adopts the background and facts set forth in the January 11, 2007 Findings and Recommendation ("F&R").

## **STANDARD OF REVIEW**

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim.  Fed. R. Civ. P. 72(b).  If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those

portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

### A.   Magistrate Judge's Findings and Recommendation

The F&R recommends denying Defendants' Motion to Dismiss on the grounds that: (1) the statutory tolling provision in Hawaii Revised Statutes Section 657-13 was not applicable to Plaintiff's claims, (2) the court lacked the evidence necessary to determine, if, and/or when, Plaintiff filed administrative grievances, which could equitably toll the statute of limitations. Based on these findings, the Magistrate Judge declined to reach the issue of whether Plaintiff's claims are barred by the statute of limitations.

The F&R recommends dismissing Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) and granting Plaintiff leave to amend certain claims.

**B.    Plaintiff's Objection to the Findings and Recommendation**

Plaintiff objects to the F&R's conclusion that his claims against Defendants are not governed by the tolling provision in Hawaii Revised Statutes § 657-13.

***1.    Hawaii Revised Statutes § 657-13 Does Not Apply to Plaintiff's Claims***

Plaintiff's Title 42 Section 1983 action is governed by the statute of limitations in Hawaii Revised Statute § 657-7. Linville v. State of Hawaii, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (determining that the two-year statute of limitations in Hawaii's general personal injury statute applies to Section 1983 actions).

Hawaii Revised Statutes Section 657-7 provides for a two-year statute of limitation for actions to recover for damage or injury to persons or property.  The statute of limitations set forth in Section 657-7 is tolled in certain situations pursuant to Section 657-13.[1]

---

[1] Section 657-13 provides in relevant part, "[i]f any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued . . . [i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life; such person shall be at liberty to bring such

5

For the reasons set forth in the F&R, Plaintiff's claims are not governed by Hawaii Revised Statutes Section 657-13.

### C.     The Court Adopts the Portions of the F&R to Which No Objections Have Been Raised

The Court is satisfied that there is no clear error with respect to the portions of the F&R to which no objections have been raised.  See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citations omitted) (stating that a district court may accept those portions of the F&R that are not objected to if it is satisfied that there is no clear error on the face of the record).  The Court adopts, in their entirety, the portions of the F&R to which no objections have been raised.

### CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's January 11, 2007 Findings and Recommendation.

IT IS HEREBY ORDERED:

1. Defendants' Motion to Dismiss based on the statute of limitations is **DENIED**.  If this case continues, Defendants may re-file a motion to dismiss raising their statute of limitations argument.

2. Plaintiff's claims for damages against Defendants Andrade, Condon, Kimoto, Lombard, Kiaaina, and Kanoa,

---

actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists."

       in their official capacities are **DISMISSED** with prejudice.

3. Plaintiff's Due Process Clause claim is **DISMISSED**, with leave granted to amend.

4. Plaintiff's Eighth Amendment claim is **DISMISSED**, with leave granted to amend.

5. Plaintiff's First Amendment retaliation claim is **DISMISSED**, with leave granted to amend.

6. Plaintiff has until **March 12, 2007** to file an amended complaint in accordance with the directions in the Findings and Recommendation.  Failure to adequately amend the Complaint by **March 12, 2007** will result in AUTOMATIC DISMISSAL of this action with prejudice for failure to state a claim.  This dismissal shall count as a strike pursuant to 28 U.S.C. 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 8, 2007.



                         /S/ Helen Gillmor
                      Helen Gillmor
                      Chief United States District Judge

CIVIL NO. 05-00791 HG-LEK; <u>Stanley L. Canosa v. State of Hawaii, et al.</u>; ORDER ADOPTING JANUARY 11, 2007 "FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS AND DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1)" AND DISMISSING ACTION WITH LEAVE TO AMEND