IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| STANLEY L. CANOSA, | ) | CIVIL NO. 05-00791 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION TO |
| vs. | ) | GRANT DEFENDANTS' MOTION TO |
| | ) | DISMISS |
| STATE OF HAWAI`I, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS

Before the court is Defendants' Motion to Dismiss Canosa's Second Amended Complaint ("Motion").  This proceeding has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawaii.  This matter is suitable for disposition without a hearing pursuant to LR7.1(d).  For the following reasons, this Court FINDS and RECOMMENDS that Defendants' Motion be GRANTED and that Canosa's Second Amended Complaint be DISMISSED with respect to all claims against Defendants Condon, Kimoto, Lombard, Kiaaina, pursuant to 28 U.S.C. § 1915A(b)(1).

**PROCEDURAL HISTORY**

On December 20, 2005, pro se Plaintiff Stanley L.
Canosa, a Hawai`i prisoner, filed a civil rights complaint
pursuant to 42 U.S.C. § 1983.[1]  Canosa is incarcerated at Halawa
Correctional Facility ("HCF") in Aiea, Hawai`i.  The Complaint
named the State of Hawai`i, Richard Bissen, Jr., Edwin Shimoda,
Clayton Frank, Randy Asher, May Andrade, Richard Condon,
Shari Kimoto, Steve Lombard, Melvin Kiaaina, and Lyle Kanoa, in
their individual and official capacities, as Defendants to this
action.[2]

On September 26, 2006, Defendants' filed a Motion to
Dismiss Canosa's First Amended Complaint ("Motion") as barred by
the expiration of the statute of limitations.  (Doc. No. 44.)
Canosa opposed the Motion.  (Doc. No. 47.)  On September 29,
2006, the Honorable Judge Helen Gillmor designated the proceeding
to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3)
and Rule LR72.4 of the Local Rules of Practice of the United
States District Court for the District of Hawai`i.  (Doc. No.
45.)

---

[1] On July 25, 2006, the court granted Canosa leave to amend
his complaint.  Canosa sought to name two defendants he had
earlier designated as John Doe. That same day, Canosa filed an
Amended Complaint.

[2] On October 3, 2006, Canosa voluntarily dismissed Defendants
Asher, Frank, Shimoda, Bissen and the State of Hawaii. (*See* Def.
Opp. at 5-6.)  Defendants Asher, Frank, Shimoda, Bissen and the
State of Hawaii are no longer parties to this action.

On November 15, 2006, pursuant to 28 U.S.C. § 1915A(a), which states that a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Magistrate Judge Leslie E. Kobayashi issued a Findings and Recommendation to deny Defendants' Motion to Dismiss and to dismiss Canosa's First Amended Complaint for failure to state a claim with leave granted to amend.  (Doc. No. 49.)

On November 24, 2006, Defendants filed Objections to the court's November 15 Findings and Recommendation.  (Doc. No. 50.)  Defendants again argued that Canosa's claims were barred by the expiration of the two-year statute of limitations, and as such Defendants' Motion should not have been denied and Canosa should not have been granted leave to amend.  Defendants sought modification of the November 15 Order.  Specifically, Defendants set forth that Canosa's claims were barred by the expiration of the statute of limitations and should be dismissed on that basis. Defendants also requested, however, that the court adopt the November 14 Findings and Recommendation to the extent Defendants Asher, Frank, Shimoda, Bissen, and the State of Hawai`i were dismissed from the action.

On November 28, 2006, Canosa filed a Motion for Voluntary Dismissal.  (Doc. No. 52.)  Canosa requested that the

court dismiss the remaining Defendants and his action without prejudice.

On December 12, 2006, Judge Gillmor denied Canosa's Motion for Voluntary Dismissal because after an answer is filed voluntary dismissal is only appropriate when a stipulation of dismissal is filed by all parties.  Fed. R. Civ. P. 41(a)(1)(ii).

On December 13, 2006, Judge Gillmor declined to adopt the November 15 Findings and Recommendation and referred the matter back to Judge Kobayashi for consideration of Defendants' objections, with particular attention to the applicability of the statute of limitations.  (Doc. No. 56.)

On January 11, 2007, Judge Kobayashi issued a new Findings and Recommendation to deny Defendants' Motion to Dismiss and to dismiss Canosa's First Amended Complaint for failure to state a claim with leave granted to amend.  (Doc. No. 58.)

On January 24, 2007, Canosa filed an Objection to the January 11 Findings and Recommendation.  (Doc. No. 59.)  Canosa objected to the Findings and Recommendation conclusions that his claims against Defendants were not governed by the tolling provisions of Hawaii Revised Statute (Haw. Rev. Stat.) § 657-13.

Although the January 11 Findings and Recommendation had not been adopted, on February 2, 2007, Canosa filed a Second Amended Complaint.  (Doc. No. 62.)  The Second Amended Complaint names Melvin Kiaaina, Richard Condon, Shari Kimoto, and

4

Steve Lombard (collectively "Defendants") as Defendants, in their individual capacities.

On February 8, 2007, Judge Gillmor adopted the January 11 Findings and Recommendations.  (Doc. No. 63.)

On March 2, 2007, Defendants filed the Motion before this Court (Doc. No. 65.), and on March 12, 2007, Canosa filed an Objection to Defendants' Motion.

## BACKGROUND

The facts of this case have been fully set forth in the January 11 Findings and Recommendations and will only be summarized here.  Canosa states that on October 3, 2003, Halawa inmate William Aholelei was assaulted by several other inmates within HCF.  After the assault, Aholelei identified those inmates who assaulted him.  (Amd. Compl. at 5.)  Canosa sets forth that on October 8, 2003, Lyle Kanoa, a corrections officer, "manipulated and coerced" Aholelei to name Canosa as one of the October 3 assailants.  (Sec. Amd. Compl. at 4-D.)  Kanoa then allegedly conspired with May Andrade, Chief of Security at HCF, to have Canosa transferred from his cell in the HCF medium security general population to the medium security special holding unit.  (Amd. Compl. at 5.)

On October 10, 2003, Canosa received a Pre-hearing Detention Notice informing him that he was being held in the special holding unit on allegations of assault per the

instruction of Andrade.  (Sec. Amd. Compl. at 4-D.)  Canosa

states that on October 14, 2003, Kanoa interviewed him in the

special holding unit.  Canosa argues that Kanoa pressed Canosa to

disclose information about the inmates who Aholelei originally

identified as having assaulted him.  Canosa informed Kanoa that

he would not provide information about the inmates because he

feared retaliation.  (Sec. Amd. Compl. at 4-E.)  On October 21

and 27, 2003, Defendant Kiaaina interviewed Canosa in the special

holding unit.  Canosa states that Defendant Kiaaina, like Kanoa,

did not seek information regarding the allegations against

Canosa, but rather sought to compel Canosa to disclose

information about his fellow inmates accused of assaulting

Aholelei.  Canosa reiterated that he would not provide

information because he feared retaliation.  (Sec. Amd. Compl. at

4-E.)

        After Canosa refused to disclose information about

fellow inmates, Kanoa "created a phantom 'written report of

misconduct' alleging attempted killing and/or assault, in an

illegal scheme to initiate and justify processing Plaintiff

through the HCF adjustment disciplinary hearing . . . ."  (Amd.

Compl. at 6.)  Kanoa then conspired with Defendant Kiaaina to use

the fictitious report to process Canosa through the adjustment

disciplinary hearing process.

On October 30, 2003, Canosa was transferred from the medium security special holding unit to the HCF high security unit.  Canosa alleges that the transfer was retaliation for not cooperating with Defendants.  (Sec. Amd. Compl. at 4-E.)  Canosa is presently housed in the medium security special holding unit.

On November 25, 2003, the adjustment disciplinary hearing took place.  The committee included Defendants Condon, Kimoto and Lombard.  (Sec. Amd. Compl. at 4-A.)  At the start of the hearing, Canosa requested a copy of the written report of misconduct, but the committee members could not produce any reports.  Although the committee could not produce any reports, the hearing proceeded as scheduled.  (Sec. Amd. Compl. at 4-A & 4-B.)  Canosa sets forth that during the course of the hearing he was refused any opportunity to respond to or rebut facts and evidence against him.  (Sec. Amd. Compl. at 4-B.)  In addition, Canosa alleges that he was not allowed to call witnesses to testify on his behalf.  (Sec. Amd. Compl. at 4-B.)  On December 4, 2003, the committee notified Canosa that he had been found guilty of assault.  (Sec. Amd. Compl. at 4-C.)

## STANDARD OF REVIEW

Defendants' Motion is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I.   Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. See, e.g., Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  The plaintiff bears the burden of establishing the propriety of the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  See Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto.");

Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir.

2000) ("In reviewing a facial attack, the court must only

consider the allegations of the complaint and documents

referenced therein and attached thereto, in the light most

favorable to the plaintiff.").

        Alternatively, in a factual attack under Rule 12(b)(1),

the court may dismiss a complaint when the facts that would give

rise to its subject matter jurisdiction are disputed.  See

Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d

730, 733 (9th Cir. 1979).  In a factual attack, the court

examines the truth of the allegations invoking the court's

jurisdiction.  Safe Air for Everyone, 373 F.3d at 1039. "[N]o

presumptive truthfulness attaches to plaintiff's allegations, and

the existence of disputed material facts will not preclude the

court from evaluating for itself" the existence of subject matter

jurisdiction.  Thornhill, 594 F.2d at 733.  Thus, in a factual

attack on this court's jurisdiction, this court may accept and

evaluate evidence beyond the complaint to determine whether

jurisdiction exists, without converting the motion to dismiss

into a motion for summary judgment.  Safe Air for Everyone, 373

F.3d at 1039; Thornhill, 594 F.2d at 733.

II.  Rule 12(b)(6)

        Rule 12(b)(6) of the Federal Rules of Civil Procedure

permits dismissal of a complaint when it fails "to state a claim

9

upon which relief can be granted."  Under Rule 12(b)(6), review

is generally limited to the contents of the complaint.  Sprewell

v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001);

Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If

matters outside the pleadings are considered, the Rule 12(b)(6)

motion is treated as one for summary judgment.  See Keams v.

Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997);

Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However,

courts may "consider certain materials--documents attached to the

complaint, documents incorporated by reference in the complaint,

or matters of judicial notice--without converting the motion to

dismiss into a motion for summary judgment."  United States v.

Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose

contents are alleged in a complaint and whose authenticity is not

questioned by any party may also be considered in ruling on a

Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d

449, 453-54 (9th Cir. 1994).

        On a Rule 12(b)(6) motion to dismiss, all allegations

of material fact are taken as true and construed in the light

most favorable to the nonmoving party.  Fed'n of African Amer.

Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.

1996).  However, conclusory allegations of law, unwarranted

deductions of fact, and unreasonable inferences are insufficient

to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex

Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Additionally, the court need not accept as true allegations that

contradict matters properly subject to judicial notice or

allegations contradicting the exhibits attached to the complaint.

Sprewell, 266 F.3d at 988.

     Dismissal under Rule 12(b)(6) may be based on either:

(1) lack of a cognizable legal theory, or (2) insufficient facts

under a cognizable legal theory.  Balistreri v. Pacifica Police

Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.

Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.

1984)).  A motion to dismiss may also be granted if an

affirmative defense or other bar to relief is apparent from the

face of the complaint, such as a statute of limitation.  Imbler

v. Pachtman, 424 U.S. 409 (1976).

## DISCUSSION

     Here, Canosa's claims mimic those previously alleged in his

Amended Complaint, that is, that Defendants violated his due

process rights.  Canosa re-alleges that Defendants manipulated

and coerced inmate Aholelei to falsely accuse Canosa of assault

in an illegal scheme to compel Canosa to provide Defendants with

information about other inmates accused of assaulting inmate

Aholelei.  Canosa further states that Defendants conspired to

retaliate and punish him for not cooperating with the assault

investigation.  Canosa again sets forth that Defendants filed a

11

false "report of misconduct" against him, which alleged his involvement with inmate Aholelei's assault, transferred him to the high security facility, and recommended that he appear before the disciplinary committee for a hearing.  Canosa believes that Defendants Condon, Kimoto, and Lombard violated his procedural due process rights when, at the disciplinary hearing, they refused to allow him to respond to the allegations against him and denied his request to call witnesses.

Canosa states that Defendants' constitutional violations caused "atypical and significant" hardships including a change in his inmate classification level from medium custody to closed custody.  Canosa sets forth that the change in his classification level caused his transfer to the HCF high security facility and a reduction in his visitation privileges.  In addition, Canosa states that he was prevented from enrolling in a "clean and sober" program and denied parole.

Defendants argue that Canosa's Due Process Rights were not violated because he received notice and a hearing.  "Prisoners do retain the procedural due process right not to be deprived of a liberty interest without reasonable notice and a meaningful opportunity to be heard." Wilder v. Tanouye, 753 P.2d 816, 822 (Haw. App. 1988)  Nonetheless, it appears that Canosa was, in fact, given notice and an opportunity to be heard.  The fundamental requirement of due process is the opportunity to be

heard and "[i]t is an opportunity which must be granted at a meaningful time and in a meaningful manner."  Armstrong v. Manzo, 380 U.S. 545, 552 (1965).  From Canosa's own submissions, it is clear that he had notice and a hearing.  In his Second Amended Complaint, Canosa sets forth that on October 10, 2003, he received a Pre-hearing Detention Notice informing him that he was being held in the special holding unit on allegations of assault. Moreover, Canosa states that on November 25, 2003, the adjustment disciplinary hearing took place.  This belies Canosa's allegations that he was not given due process protections.

Defendants further argue that even if Canosa had not received notice and a hearing, no liberty interests were at stake.  The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake.  Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997).

Prisoners possess no protected liberty interest in being transferred to a less restrictive section of a facility. Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991).  Prisoners have no constitutionally protected liberty interest in their classification status or in their eligibility for rehabilitative programs.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).  Prisoners

13

also have no liberty or property interest in work or vocational

programs.  Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.

1980)(stating "[a]n inmate's expectation of keeping a certain

prison job does not amount to a property or liberty interest

entitled to protection under the due process clause"); see also

Baumann v. Arizona Dep't of Corr., 754 F.2d 841, 844 (9th Cir.

1985).  Moreover, the Due Process Clause does not guarantee

prisoners a right to unfettered visitation.  See Kentucky Dep't

of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Keenan v.

Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d

1318 (9th Cir. 1998); cf. Toussaint v. McCarthy, 801 F.2d 1080,

1114 (9th Cir. 1986) (rejecting constitutional right to contact

visitation but noting that not all visitation had been denied).

A prisoner has no federal constitutional right to parole.

Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

U.S. 1, 7-11 (1979).

        Canosa holds no constitutionally protected liberty

interests entitling him to reclassification to a lower security

level, in being transferred to a less restrictive section of HCF,

in rehabilitative programs, in unfettered visitation, or in

parole.  The court now examines whether Canosa has a protected,

state-created liberty interest in any of these claims.

        State law creates liberty interests deserving due

process protection only when the deprivation in question (1)

14

restrains the inmate's freedom in a manner not expected from

their sentence and (2) "imposes atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison

life."  Sandin v. Conner, 515 U.S. 474, 484 (1995); Jackson v.

Carey, 353 F.3d 750, 755 (9th Cir. 2003); Neal v. Shimoda, 905 F.

Supp. 813, 817–818 (D. Haw. 1995), rev'd on other grounds, 131

F.3d 818 (9th Cir. 1997) (holding state prison regulations may

give rise to liberty interests protected by the Fourteenth

Amendment).

        The Ninth Circuit Court of Appeals has held that

Hawaii's prison regulations and policies do not create a

protected liberty interest in parole, reclassification, or

custody level.  Neal, 131 F.3d 828; see also Olim v. Wakinekona,

461 U.S. 238, 249–51 (1983).  Moreover, the Supreme Court has

held that there is no evidence that suspending an inmate's

visitation rights imposes atypical and significant hardship in

relation to the ordinary incidents of prison life.  Sandin, 515

U.S. at 483–84.

        Canosa has no protected, state-created liberty interest

in any of his claims.[3]  As it is clear that Canosa received

---

[3] Although Defendants also argue that Canosa's claims are
barred by the doctrine of qualified immunity, as it is clear that
Canosa's Due Process Clause claims fail, the court will not reach
the issue of whether Defendants are entitled to qualified
immunity.

notice and a hearing and has no protected liberty interest in any of his claims, the court FINDS AND RECOMMENDS that Defendants' Motion to Dismiss should be GRANTED and Canosa's claims under the Due Process Clause should be DISMISSED with prejudice.

### CONCLUSION

The court FINDS and RECOMMENDS that:

1.   Defendants' Motion to Dismiss should be GRANTED.

2.   Canosa's Due Process claims be DISMISSED with prejudice.

3.   Canosa's Second Amended Complaint be DISMISSED for FAILURE TO STATE A CLAIM, pursuant to 28 U.S.C. § 1915A(b)(1) & § 1915(e)(2)(B).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, April 9, 2007.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States Magistrate Judge

Canosa v. Andrade, Civ. No. 05-791 HG-LEK; FINDINGS AND RECOMMENDATION TO
GRANT MOTION TO DISMISS; heather\F&R 07\Canosa 05-791 (Grt mtn to dismiss)

17