IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| STANLEY L. CANOSA | ) | CIVIL NO.   05-00791 HG-LEK |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| RICHARD CONDON, SHARI KIMOTO, STEVE LOMBARD, MELVIN KIAAINA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

**ORDER ADOPTING, AS MODIFIED AND SUPPLEMENTED, APRIL 9, 2007
FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS**

Before the Court is Defendants Melvin Kiaaina, Richard Condon, Shari Kimoto, and Steve Lombard's Motion to Dismiss Plaintiff's Second Amended Complaint.

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently, and was at the time of events alleged in the complaint, an inmate at the Halawa Correctional Facility.

He alleges that Defendants violated his due process rights by conducting an "unwarranted" hearing during which he was not permitted to respond to the charges or call witnesses. Plaintiff alleges the hearing was part of a scheme to find Plaintiff guilty of assault. Plaintiff claims that his inmate classification was

changed, that he was prevented from enrolling in a rehabilitative program, and that he was denied parole as a result of Defendants' actions.

The Court referred Defendants' motion to dismiss to a United States Magistrate Judge pursuant to Local Rule 72.4 and 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3).

For the reasons that follow, the Court ADOPTS, as supplemented and modified below, the Magistrate Judge's Findings and Recommendation.

## **PROCEDURAL HISTORY**

On February 2, 2007, Plaintiff filed a Second Amended Complaint naming Melvin Kiaaina, Richard Condon, Shari Kimoto and Steve Lombard ("Defendants"), as Defendants, in their individual capacities (Doc. 62).

On March 2, 2007, Defendants filed a Motion to Dismiss the Second Amended Complaint (Doc. 65).

On March 12, Plaintiff filed an Opposition to the motion (Doc. 67).

On March 14, 2007, the Court designated the motion to a United States Magistrate Judge (Doc. 70).

On April 9, 2007, the Magistrate Judge issued a "Findings and Recommendation to Grant Defendants' Motion to Dismiss" (Doc. 73.)

On April 19, 2007, Plaintiff filed an Objection (Doc. 75).

Defendants have not responded to Plaintiff's Objection.

## BACKGROUND

The Court ADOPTS the background and facts set forth in the April 9, 2007 Findings and Recommendation ("F&R").

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the district judge proposed findings of fact and recommendations for the disposition, by the district judge, of a dispositive motion. 28 U.S.C. § 636 (b)(1)(B).

This Court must review de novo those portions of the magistrate judge's Findings and Recommendation to which a party objects. Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Id.; see also LR 74.2. This Court may accept those portions of the Findings and Recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citing Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

**A.   Magistrate Judge's Findings and Recommendation**

The F&R recommends granting Defendants' Motion to Dismiss on the grounds that: (1) Plaintiff received notice and an opportunity to be heard, and (2) Plaintiff holds no constitutionally protected liberty interest entitling him to a certain classification level, transfer, participation in rehabilitation program, or in parole.

The F&R recommends granting Defendants' motion to dismiss, dismissing with prejudice Plaintiff's due process claims, and dismissing the Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

**B.  Plaintiff's Objection to the Findings and Recommendation**

Plaintiff objects to the F&R's analysis of the claims alleged in his Second Amended Complaint.  He contends that the F&R incorrectly construes the Second Amended Complaint as alleging constitutionally protected liberty interests in classification, rehabilitation, and parole.

Plaintiff asserts that his Second Amended Complaint makes clear that he is alleging a constitutionally protected liberty interest in "being protected from the Defendants' scheme of conducting an unwarranted pretextual Adjustment hearing, which was utilized to channel and carry out an orchestrated scheme to intentionally make Plaintiff guilty of assault, which allowed the Defendants to impose punishment upon Plaintiff for not cooperating with the investigation of an assault case."  (Obj. to

F&R at 2).  Plaintiff asks the Court to find that he has a constitutionally protected liberty interest in "being protected from the Defendants' scheme of conducting an unwarranted, prextextual adjustment hearing, and that this liberty interest does fall within the protection of the Fourteenth Amendment's Due Process Clause."  (Id. at 5).

Plaintiff also objects to the F&R's findings that he received notice, and had a hearing and opportunity to be heard.

### 1. Plaintiff Received Notice and Had an Opportunity to be Heard

The procedural guarantees of the Due Process Clauses of the United States Constitution's Fifth and Fourteenth Amendments apply only when a constitutionally protected liberty or property interest is at stake.  Ingraham v. Wright, 430 U.S. 651, 672 (1977); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997).

Prisoners may not be deprived of a liberty interest without reasonable notice and a meaningful opportunity to be heard. Wilder v. Tanouye, 753 P.2d 816, 822 (Haw. Ct. App. 1988).

Plaintiff asserts he did not receive sufficient notice or an opportunity to be heard.  As found by the Magistrate Judge, the facts alleged in Plaintiff's Second Amended Complaint belie this conclusion.  Plaintiff's own allegations make clear that he received a pre-hearing notice and had a hearing.

The Court ADOPTS the Magistrate Judge's finding that Plaintiff had notice and a hearing.

### 2. Plaintiff Does Not Have a Constitutionally Protected Liberty Interest

Even if Plaintiff had not received notice and a hearing, the procedural safeguards of the Fourteenth Amendment only apply when a constitutionally protected liberty interest is at stake. Ingraham, 430 U.S. at 672; Shimoda, 131 F.3d 818 at 827.

Plaintiff contends he has a constitutionally protected interest in being protected from Defendants' alleged scheme of conducting an "unwarranted" hearing.  He fails to cite case law to support the proposition in his Objection to the F&R.  In Opposition to the Defendants' Motion to Dismiss, Plaintiff cited two cases that he claims support his proposition (Memo. in Opp'n to Motion to Dismiss at 8).  The cases he cited are not applicable here, as they both concern treatment of mentally ill inmates.[1]

---

[1] Plaintiff cites: Washington v. Harper, 494 U.S. 210 (1990) (mentally ill state prisoner filed civil rights action challenging prison policy that authorized his treatment with antipsychotic drugs against his will without judicial hearing. The Supreme Court held that the treatment of the prisoner against his will did not violate substantive due process where the prisoner was found to be dangerous to himself or others and treatment was in prisoner's medical interest); Vitek v. Jones, 445 U.S. 480 (1980) (plaintiff brought an action challenging the constitutionality, on procedural due process grounds, of a Nebraska statute allowing the Director of Correctional Services to transfer a prisoner to a mental hospital if a designated physician or psychologist finds the prisoner to be suffering from a mental disease or defect that cannot be given proper treatment in prison.  The Supreme Court held that an involuntary transfer of an inmate to a mental hospital implicates a liberty interest).

Plaintiff does not have a constitutionally protected liberty interest in being protected from Defendants' alleged scheme of conducting an "unwarranted" hearing.  There is no general liberty interest in being free from allegedly capricious government action.  Nunez v. City of Los Angeles, 147 F.3d 867, 873 (9th Cir. 1998).  "Put simply, not every social injustice has a judicial remedy."  Id. at 874.

For the reasons set forth in detail by the Magistrate Judge, the Court finds that Plaintiff's Second Amended Complaint fails to allege any constitutionally protected or state-law created liberty interest.

The Court ADOPTS the Magistrate Judge's recommendation that Plaintiff's claims pursuant to the due process clause be dismissed.

**C.   Modifications to the F&R**

In accordance with the foregoing, the April 9, 2007 F&R is ADOPTED as the opinion and order of this Court, with the following modification:

1. On page 1, paragraph 1, line 7, "LR7.1(d)" is replaced with "LR7.2(d)".

**CONCLUSION**

In accordance with the foregoing, the Court **ADOPTS**, as supplemented and modified herein, the Magistrate Judge's April 9, 2007 Findings and Recommendation.

IT IS HEREBY ORDERED:

1. Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Due Process claims are **DISMISSED** with prejudice;

2. Plaintiff's Second Amended Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2007.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

---

CIVIL NO. 05-00791 HG-LEK; Stanley L. Canosa v. State of Hawaii, et al.; ORDER ADOPTING, AS MODIFIED AND SUPPLEMENTED, APRIL 9, 2007 "FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS"